UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KIMBERLY M. JOHNSON

VERSUS

MAESTRI MURRELL PROPERTY
MANAGEMENT, ET AL

CIVIL ACTION

NUMBER 09-638-JJB-SCR

### RULING ON MOTION TO QUASH SUBPOENA

Before the Court is the Motion to Quash filed by plaintiff Kimberly M. Johnson. Record document number 18.

Plaintiff moved (yesterday) to quash a deposition subpoena issued October 28, 2010 on behalf of the defendants to third party Stacy L. Curtis for her deposition on November 17, 2010 (today).[1] The subpoena is for both testimony and production of documents. Plaintiff argued that the subpoena should be quashed because it was not properly served and payment for mileage was not tendered when the subpoena was served. Plaintiff also complained that the defendants should not be allowed to amend their deposition notice to include videotaping the deposition because the witness was not given advance notice as required by Rule 45(a)(1)(B), Fed.R.Civ.P. The witness is not a party to the plaintiff's motion.

"Ordinarily a party has no standing to seek to quash a subpoena issued to someone who is not a party to the action, unless

---

[1] Record document number 18-2, exhibit A. The subpoena is dated "11/28/2010" but it is apparent that the actual date it was issued is October 28.

the objecting party claims some personal right or privilege with regard to the documents sought." Wright & Miller, Federal Practice and Procedure, Civil 3d § 2459, p. 435 (footnote omitted). See also, *id.* at § 2463.1, pp. 487-88 (same).

The witness did not moved to quash the subpoena. Since the plaintiff did not claim any personal right or privilege with regard to the documents sought she has no standing to move to quash the subpoena. Plaintiff has not shown that some extraordinary circumstance exists which warrants a different conclusion.

Accordingly, the plaintiff's Motion to Quash the subpoena issued to Stacy L. Curtis is denied.[2]

Baton Rouge, Louisiana, November 17, 2010.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[2] There is no need to address or decide what the result would be if the witness had filed a motion to quash, and this ruling does not do so.