UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BATON ROUGE DIVISION

| | | |
|---|---|---|
| **KIMBERLY M. JOHNSON** | : | **DOCKET NO. 3:09-638** |
| **VS.** | : | **JUDGE TRIMBLE** |
| **MAESTRI-MURRELL PROPERTY MANAGEMENT** | : | **MAGISTRATE JUDGE KIRK** |

### MEMORANDUM RULING

Before the court are three motions: (1) "Motion to Strike or Alternatively, Motion in Limine to Preclude Plaintiff from Calling Counsel as a Witness at Trial" (R. #37 ), (2) "Motion for Reconsideration" (R. #96), and "Motion for Sanctions Pursuant to FRCP 11 for Requesting Stay of Mandate "Reconsideration" of Summary Judgment" (R. #100).

### FACTUAL STATEMENT AND PROCEDURAL HISTORY

In this racial discrimination suit, plaintiff, Kimberly Johnson, alleges that defendant, Maestri-Murrell Property Management, LLC ("MM") failed to hire her for the position of assistant manger on the basis of her race, African American, pursuant to Title VII of the Civil Rights Act of 1964. For a complete recitation of the facts, see the Memorandum Ruling dated August 29, 2011 (R. #70). That ruling was made pursuant to a motion for summary judgment[1] wherein defendant sought to be dismissed from the instant lawsuit because plaintiff was unable to establish a *prima facie* case of discrimination, or if a *prima facie* case was made, defendant had articulated a legitimate non-discriminatory reason for its decision not to hire plaintiff. We held that because plaintiff had failed

---

[1] R. #41.

to demonstrate that the decision to hire Cedotal was made after the occurrence of the alleged discriminatory comment, plaintiff had failed to demonstrate a causal connection between such remark and defendant's selection of Cedotal for the job. Thus, we granted the motion for summary judgment and dismissed plaintiff's claims in their entirety.[2]

Plaintiff appealed the ruling and the Fifth Circuit reversed and remanded the matter. The Fifth Circuit determined that we should have concluded that plaintiff had satisfied her *prima facie* burden by showing that defendant did not hire her, an African-American, for a position for which she applied and *appeared* to be qualified, but instead hired a Caucasian, under circumstances which gave rise to a reasonable inference of unlawful discrimination.[3]

Also before the court was a motion in limine (R. #37) filed by MM, wherein the defendant, seeks to preclude plaintiff from calling defense counsel, Susan Furr, as a witness at trial. Given our ruling with respect to the motion for summary judgment, we denied that motion as being moot. That motion is now a viable motion.

On September 28, 2012, Magistrate Kirk held a telephone conference with the parties and ordered the parties to submit any motions for leave to reurge summary judgment no later than October 12, 2012.[4] In response, defendant filed a motion for reconsideration[5] for the court to consider summary judgment with respect to an issue not ruled upon in our previous memorandum ruling– whether or not plaintiff was qualified for the position for which she applied. We consider

---

[2] R. #71.

[3] R. #93.

[4] R. #94.

[5] R. #96.

the motion for reconsideration as a motion for leave to reurge those issues not yet decided by this court in the previously mentioned memorandum ruling.[6]

Finally, plaintiff has moved for Rule 11 sanctions against defendant for filing the motion for reconsideration.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, when viewed in the light most favorable to the non-moving party, indicate that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."[7] A fact is "material" if its existence or nonexistence "might affect the outcome of the suit under governing law."[8]  A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the non-moving party.[9] As to issues which the non-moving party has the burden of proof at trial, the moving party may satisfy this burden by demonstrating the absence of evidence supporting the non-moving party's claim."[10] Once the movant makes this showing, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.[11] The burden requires more than mere allegations or denials of the adverse party's pleadings. The non-moving party must

---

[6] R. #71.

[7] Fed. R.Civ. P. 56(c).

[8] Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986).

[9] Stewart v. Murphy, 174 F.3d 530, 533 (5th Cir. 1999).

[10] Vera v. Tue, 73 F.3d 604, 607 (5th Cir. 1996).

[11] Anderson, 477 U.S. at 249.

demonstrate by way of affidavit or other admissible evidence that there are genuine issues of material fact or law.[12] There is no genuine issue of material fact if, viewing the evidence in the light most favorable to the non-moving party, no reasonable trier of fact could find for the non-moving party.[13] If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted."[14]

## LAW AND ANALYSIS

In the motion for summary judgment, the issue we opted not to address was defendant's argument that the instant suit should be dismissed because plaintiff could not establish a *prima facie* case of discrimination in hiring because plaintiff was not qualified for the position. We concluded for other reasons that plaintiff could not establish a *prima facie* case of discrimination, hence, we purposefully did not address the merits of this argument. Defendant again seeks to have this case dismissed on the grounds that plaintiff made numerous false representations on her resume and was not qualified for the position.

In an employment discrimination case alleging disparate treatment, the court focuses on determining if a genuine issue of fact exists as to whether the defendant intentionally discriminated against the plaintiff.[15] Title VII prohibits employers from discriminating against employees on the basis of their race.[16] The evidentiary framework for analysis of Title VII disparate treatment claims

---

[12] Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986).

[13] Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

[14] Anderson, 477 U.S. at 249-50.

[15] Grimes v. Texas Dept. of Mental Health & Mental Retardation, 102 F.3d 137, 139 (5th Cir. 1996); LaPierre v. Benson Nissan, Inc., 86 F.3d 444 (5th Cir. 1996).

[16] 42 U.S.C. 2000(e)2(a).

was established by the Supreme Court in *McDonnell Douglas Corp. v. Green.*[17] In order to overcome a motion for summary judgment on a Title VII discrimination claim, the plaintiff must first establish, by a preponderance of the evidence, a *prima facie* case of discrimination.[18]

In order to establish a *prima facie* case, a plaintiff must establish: (1) the employee is a member of a protected class; (2) he sought and was qualified for the position; (3) he was rejected for the position; (4) the employer continued to seek applicants with the plaintiff's qualifications.[19] The Fifth Circuit has extended the fourth prong of the plaintiff's *prima facie* case to include that the plaintiff "was replaced by someone outside the protected class."[20] The *primae facie* case of discrimination, once established, raises an inference of intentional discrimination, and the burden of production shifts to the defendant to articulate a legitimate, non-discriminatory reason for its actions.[21] The defendant's burden is satisfied by producing evidence, which "taken as true, would permit the conclusion that there was a non-discriminatory reason for the adverse action."[22]

The burden then shifts back to the plaintiff to establish pretext and the ultimate question of whether the defendant intentionally discriminated against plaintiff.[23] A plaintiff may either, (1)

---

[17] 411 U.S. 792 (1973).

[18] Id., at 802-04; Manning v. Chevron Chemical Co., 332 F.3d 874 (5th Cir. 2003); Haynes v. Pennzoil Co., 207 F.3d 296, 300 (5th Cir. 2000); Shackleford v. Dloitte & Touche, 190 F.3d 398, 404 (5th Cir. 1999).

[19] Haynes v. Penzoil, 207 F.3d at 300.

[20] Price v. Federal Express Corp., 283 F.3d 715, 720 (5th Cir. 2002).

[21] McDonnell Douglas, 411 U.S. at 802.

[22] Hicks, 509 U.S. at 509.

[23] Haynes v. Pennzoil Co., 207 F.3d at 300.

substantiate her claim of pretext by demonstrating that discrimination lay at the heart of the employer's decision,[24] or (2) submit sufficient evidence to conclude that race was a "motivating factor" for the employer's decision.[25] The ultimate burden of proving intentional discrimination, however, still rests at all times with the plaintiff.[26]

MM was seeking qualified applicants with property management experience for the assistant manager position. MM submits that the position requires a person who is honest. MM maintains that plaintiff cannot establish a *prima facie* case of discrimination because plaintiff failed to meet any of the qualifications required for the position: (1) property management experience, (2) longevity of employment, (3) no history of termination for cause, and (4) honesty.

*Property management experience*

Defendant maintains that plaintiff was not qualified as an assistant manager because the position required either property management experience or experience related to property management. Defendant asserts that plaintiff had no property management experience. Defendant submits plaintiff's resume which fails to show any property management experience. This fact is undisputed.

*Longevity of employment*

Defendant maintains that one of the requirements for the assistant manager position was that the applicant demonstrate longevity of employment.[27] Connie Kimball, the Property Manager that

---

[24] Rubenstein v. Adm'rs. of the Tulane Educ. Fund, 218 F.3d 392, 400 (5th Cir. 2000).

[25] Desert Palace, Inc. v. Costa, 539 U.S. 90, 123 S.Ct. 2148, 2155 (2003).

[26] Hicks, 509 U.S. at 507.

[27] Defendant's exhibit E, Kimball affidavit.

reviewed applicants' resumes rejected applicants who failed to demonstrate that they had longevity of employment.[28] Plaintiff's resume and her testimony demonstrates that she had worked for a flower designer for one month, and three years prior to this job, plaintiff had worked for less than one year; this was the only actual employment over a four year time period.[29] [30] Plaintiff's resume demonstrated that she had worked at Dillards from February 2003 until 2004 (11 months). Defendant has presented summary judgment evidence that plaintiff was terminated because of frequent tardiness and would not be eligible for rehire.[31] [32] These facts are undisputed.

*Honesty*

MM maintains that the assistant manager position requires that the applicant be honest. MM argues that plaintiff would not qualify for the position because she was dishonest as to her employment history and her education on her resume. MM has submitted summary judgment evidence that proves that plaintiff made numerous false representations in her resume. These

---

[28] Id.

[29] Defendant's exhibit G, Dillard affidavit; Plaintiff's exhibit 3, Defendant' exhibit A, Kimberly Johnson depo.

[30] Plaintiff's resume represents that she worked for MO-DAD, Inc. from March 2004 through May 2006. Plaintiff's exhibit 3. However, plaintiff's deposition testimony reveals that she never actually worked at MO-DAD's. Defendant's exhibit A, pp. 125-129.

[31] Defendant's exhibit G, attached to Dillard affidavit (R. #41-7).

[32] In her opposition to the original motion for summary judgment, plaintiff challenged the summary judgment evidence submitted by defendant as to plaintiff's employment record with Dillards. Plaintiff attempts to create a genuine issue of fact as to whether or not the Dillard record is hers by submitting fifteen other "Kimberly Johnsons" in a document obtained from the internet which depicts persons named Kimberly Johnson who have addresses within 15 miles of Dillards. We reject this evidence as it does not prove that any of these persons were employed by Dillards during the relevant time period.

numerous false representations are as follows:

(1) Plaintiff's resume indicates that she worked for MO-DAD from 2004 to 2006.[33] Plaintiff never worked, nor received any compensation from MO-DAD.[34]

(2) Plaintiff's resume indicates that she held the title of office assistant or receptionist for MO-DAD.[35] Plaintiff never worked for MO-DAD and never held these positions.[36]

(3) Plaintiff's resume indicates that she performed everyday operations using usual business wares: MS WORD and EXCEL;[37] Plaintiff never worked for MO-DAD and never performed everyday operations.[38]

(4) Plaintiff's resume indicates that she directed calls on a multi-line phone system;[39] Plaintiff never worked for MO-DAD and did not use a multi-line phone system.[40]

(5) Plaintiff's resume indicates that she performed filing and typing for MO-DAD;[41] Plaintiff never worked for MO-DAD and did not perform filing and typing.[42]

(6) Plaintiff's resume indicates that she completed one year in the Master's Program at Southern University and A&M College.[43] Plaintiff did not complete one

---

[33] Plaintiff's exhibit 3, (R. #43).

[34] Defendant's exhibit A, Kimberly Johnson depo. p. 125-129.

[35] Plaintiff's exhibit 3, R. #43.

[36] Defendant's exhibit A, Johnson depo. pp. 125-129.

[37] Plaintiff's exhibit 3, R. #43.

[38] Defendant's exhibit A Johnson depo. pp. 125-129.

[39] Plaintiff's exhibit 3, R. #43.

[40] Plaintiff's exhibit A, Johnson depo. pp. 125-129.

[41] Plaintiff's exhibit 3, R. #43.

[42] Plaintiff's exhibit A, Johnson depo. pp. 125-129.

[43] Plaintiff's exhibit 3, R. #43.

year in the Master's Program; instead, she was enrolled for one semester and failed half of her classes.[44]

(7) Plaintiff's resume represents that she graduated from Southern University and A&M College with a GPA of 3.2; plaintiff actually graduated with a GPA of 2.318. Plaintiff was on either academic warning or probation on 11 of her 13 semesters.[45]

(8) Plaintiff's resume represents that she worked for Rigsby Frederick Gallery Salon and Day Spa for four and one half years. Plaintiff testified in her deposition testimony that she worked at the Salon only two and one half years, maybe three.[46]

These facts are undisputed. Defendant argues that plaintiff's falsehoods would have excluded her from being hired. Defendant further argues that because plaintiff did not have the requisite property management experience, longevity of employment, and was dishonest on her resume', she would not have qualified for the assistant manager position, and thus, cannot establish a *prima facie* case.

Plaintiff maintains that this motion for reconsideration is an attempt by defendant to stay the mandate issued by the Fifth Circuit and/or the motion is being made based on after-acquired evidence. Plaintiff argues that Federal Rule of Civil Procedure 16 does not allow defendant to file a motion for reconsideration. We find this argument to be somewhat misplaced, considering the fact that the court ordered the parties to file the motion in order to reurge summary judgment issues not ruled upon by the court in the memorandum ruling.[47]

---

[44] Defendant's exhibit H.

[45] The court is aware that plaintiff's transcript contained a discrepancy, however, that does not justify plaintiff's blatant misrepresentation regarding her true GPA. Defendant's exhibit H.

[46] Defendant's exhibit A, pp. 35-36.

[47] R. #41.

Plaintiff maintains that the motion if brought pursuant to Federal Rule of Civil Procedure 59(b), is untimely. Again, plaintiff's argument is misplaced. Defendant cannot seek a new trial as to issues that have not been decided by this court, nor do we find that defendant's motion requests a new trial on issues already decided by the court.

Plaintiff attempts to dispute the summary judgment evidence as to plaintiff's GPA. There is no dispute. Plaintiff's resume' states that her GPA was a 3.2. It was not. While there was a discrepancy in the transcript, there is nothing on the transcript that indicates that plaintiff's GPA is a 3.2.[48]

Plaintiff does not dispute the false representations in her resume, but instead argues that her qualifications are irrelevant because the alleged racial comment was made and because the application was not considered. Plaintiff further argues that defendant has failed to provide some type of policy or procedure which would indicate the qualifications for the position. In other words, plaintiff argues that defendant cannot show that the assistant manager position required property management experience. Plaintiff also argues that there was no procedure for hiring because of the circumstances surrounding the hiring of Jamie Cedotal.

Defendant has provided summary judgment evidence of the qualifications considered for the position.[49] Defendant submits the affidavit of Ms. Connie Kimball, the property manager and the

---

[48] The Interim Registrar for Southern University and A&M College declared in an affidavit that page one of the transcript indicated a 3.0 GPA and that this page had been manually manipulated. The correct GPA provided on page 3 of the transcript correctly indicates that plaintiff's GPA is a 2.318. Defendant's exhibit H.

[49] See Defendant's exhibit E.

person who screened the applicants who also allegedly made the racial comment.[50] [51] Ms. Kimball testified that during the screening process, or review of the resumes, she would look for persons who (1) were honest, (2) who had property management experience, and (3) who had longevity at a particular job. She also declared that she would have rejected an individual who had been fired. The court finds that plaintiff has failed to dispute the following facts: (1) plaintiff's numerous false representations in her resume, (2) plaintiff's employment history, and (3) plaintiff's lack of experience with respect to property management.[52]

Defendant has presented undisputed evidence that in considering the position for assistant manager, the qualifications would include someone who had not been fired from a previous job, someone who had held a job for a considerable length of time, someone who had some type of property management experience or leasing experience, and someone who was honest. The undisputed summary judgment evidence establishes that plaintiff's employment history and character does not meet the qualifications for the position being sought after.

The court finds based on the undisputed summary judgment evidence with respect to plaintiff's deceptive resume, lack of experience and employment history, that plaintiff was not qualified for the position of assistant manager or leasing agent. A plaintiff claiming a discriminatory hiring claim must prove that she is qualified for the job as part of her case.[53]

---

[50] Defendant's Exhibit E.

[51] Ms. Kimball did not make the ultimate hiring decision. Linda Jackson authorized Lisa Theriot, Ms. Kimball's supervisor, to hire Ms. Cedotal because she was Ms. Theriot's daughter and had helped her mom and was familiar with leasing and property management.

[52] Defendant's Exhibit E.

[53] See Avant v. South Central Bell Telephone Co., 716 F.2d 1083, 1086 (5th Cir. 1983).

Plaintiff maintains that defendant is attempting to rely on after acquired evidence. We find this argument to be without merit. The court is aware that at the time the decision to hire Ms. Cedotal was made, defendant may not have been aware of the fact that plaintiff was not qualified for the position. However, our review of the jurisprudence which we find helpful in our analysis is that we should consider whether defendant would have hired the plaintiff had it known that the plaintiff was unqualified.[54] In Wilks v. Fedex Ground Package System, Inc.,[55] the court granted summary judgment finding that plaintiff failed to make out a *prima facie* case of sexual discrimination under Title VII. The employer in the case did not learn that plaintiff was a convicted felon until the discovery phase of the case. Thus, at the time the employer refused to hire plaintiff, it was not aware the plaintiff would not qualify because of the felony. The court reasoned that in a refusal to hire case, the employee should not be placed in a better position than he would have occupied absent the discrimination. In this case, to allow plaintiff to maintain her action would allow her to be placed in a better position than she would have been absent the discrimination.

While we realize that in Wilks, the case involved a convicted felon, we are not equating plaintiff with a convicted felon, but are recognizing the fact that plaintiff's resume was replete with false statements. Due to her dishonesty in that resume, she would not have qualified for the assistant manager position.[56] Plaintiff has failed to create a genuine issue of fact as to her being qualified for

---

[54] Shattuck v. Kinetic Concepts, Inc., 49 F.3d 1106, 1108-09 (5th Cir. 1995).

[55] 359 F.Supp.2d 539 (S.D. Miss. 2005).

[56] See Martin v. Martin, 1993 WL 32343, *1 (D.C. Cir. 1993)(unreported decision)(holding that plaintiff was not qualified for the position in question finding that the fact that she falsified her employment application and misrepresented her skills is alone sufficient to disqualify her); See also Fishel v. Farley, 1994 WL 43793, *9 (E.D. La.)("Application fraud in any context is a serious matter because it reflects on the applicant's trustworthiness and

the position and therefore cannot establish a *prima facie* case of discrimination.

## CONCLUSION

For the reasons set forth herein, the motion for reconsideration will be granted and the court will dismiss the instant lawsuit with prejudice because plaintiff has failed to demonstrate that she was qualified for the position, thus she has failed to establish a *prima facie* of discrimination. Furthermore, due to our ruling in this case we will again deny the motion in limine as moot and because plaintiff's motion for sanctions is without merit for the reasons set forth herein, it also will be denied.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 14th day of November, 2012.

_____
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

veracity.")