UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BATON ROUGE DIVISION

| | | |
|---|---|---|
| **KIMBERLY M. JOHNSON** | : | **DOCKET NO. 3:09-0638** |
| **VS.** | : | **JUDGE TRIMBLE** |
| **MAESTRI MURRELL PROPERTY MANAGEMENT** | : | **MAGISTRATE JUDGE KIRK** |

## ORDER

Before the court is a "Motion in Limine" (R. #129) filed by plaintiff wherein the mover seeks an order from the court which would prohibit defendant from introducing certain evidence at trial, specifically,

> a. transcripts of plaintiff, Kimberly Johnson,
>
> b. resume information that Johnson worked at Mo-Dad, length of time she worked at Rigsbys, Johnson's GPA from Southern University and transcript changes, Johnson's termination from employment from Dillards, and
>
> c. Johnson's use of illegal drugs.

Johnson further seeks to prevent defendant from eliciting statements or asking questions about alleged misconduct by plaintiff without first proffering evidence showing a "good faith basis" that the misconduct occurred, and Johnson seeks to prevent defendant from introducing irrelevant evidence, making prejudicial statements or asking prejudicial questions about her character.

Johnson relies on Federal Rule of Evidence 404[1] to exclude any evidence of Ms. Johnson

---

[1] Federal Rule of Evidence 404 summarily provides that evidence of a person's character or trait of character is not admissible for the purpose of proving action in conformity therewith.

being represented as a liar. Johnson argues that defendant cannot show a legitimate reason for the introduction of character evidence and such purported evidence is highly prejudicial to her presentation of whether she suffered discriminatory screening on the basis of race.

Johnson cites Shattuck v. Kinetic Concepts, Inc.,[2] to support her position that after-acquired evidence of the misstatements in her resume to show that she would not have been hired had defendant known of the misrepresentations are not admissible. Johnson further argues that there were no qualifications for the job position, thus the misstatements in her resume are not relevant. Johnson remarks that "truthfulness" is not an objective qualification that was enforced in the position of a leasing agent because other employees of defendant had been untruthful on certain occasions,[3] and defendants have not shown that they used any criteria for hiring either a leasing agent or assistant manager. Johnson argues that because her misrepresentations were not "lie[s] under oath", the court should not allow this personal attack of her character. Thus, Johnson seeks to exclude such misrepresentations arguing that they are not admissible in a failure to hire case.

Johnson also relies on Federal Rule of Evidence 401[4] to argue that her resume is irrelevant

---

[2] 49 F.3d 1106 (5th Cir. 1995).

[3] Specifically, Johnson refers to misrepresentations of Connie Kimball, who screened applicant resumes and made recommendations for employment. It is alleged that Ms. Kimball racially discriminated against Johnson by failing to consider her resume because of her race.

[4] Federal Rule of Evidence 401 provides that:

Evidence is relevant if:

    (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and

    (b) the fact is of consequence in determining the action.

2

because once Kimball discovered that Johnson was black, she did not consider the resume. Johnson maintains that the misstatements are irrelevant because the qualities Kimball looked for (longevity of employment, honesty and experience) cannot be shown through the evidence because Kimball was deceitful towards the EEOC when presenting the manner in which the assistant manager/leasing agent was chosen.

Finally, Johnson argues that under Federal Rules of Evidence 402 and 403, the probative value of the allegations of untruthfulness are outweighed by their prejudicial affect.

Defendant maintains that evidence of plaintiff's dishonesty and prior conduct is admissible for at least two purposes: (1) impeachment, and (2) proof of defendant's affirmative defense that the after-acquired evidence doctrine limits plaintiff's recovery. Defendant argues that plaintiff's character is directly related to her claims and her credibility.

Both plaintiff and the EEOC, in its amicus brief[5] conceded that after-acquired evidence may limit a plaintiff's recovery. Defendant relies on Shattuck v. Kinetic Concepts, Inc.,[6] in arguing that the relevant inquiry in a failure-to-hire case is whether defendant would have hired plaintiff had it known of her dishonesty in her resume. In McKennon v. Nashville Banner Publishing Co.,[7] the Supreme Court provides the following guidance to the application of its holding that "evidence of employee wrongdoing acquired by the employer after termination does not provide immunity from

---

[5] Rec. # 00512222450, pp. 33-34, 5th Cir. No. 12:31175. attached as exhibit A to defendant's opposition.

[6] 49 F.3d 1106, 1108-09 (5th Cir. 1995).

[7] 513 U.S. 352, 361-362 (1995).

liability but may affect the remedy"[8]:

> The proper boundaries of remedial relief in the general class of cases where, after termination, it is discovered that the employee has engaged in wrongdoing must be addressed by the judicial system in the ordinary course of further decisions, for the factual permutations and the equitable considerations they raise will vary from case to case. We do conclude that here, and as a general rule in cases of this type, neither reinstatement nor front pay is an appropriate remedy. It would be both inequitable and pointless to order the reinstatement of someone the employer would have terminated, and will terminate, in any event and upon lawful grounds.
>
> The proper measure of backpay presents a more difficult problem. Resolution of this question must give proper recognition to the fact that an ADEA violation has occurred which must be deterred and compensated without undue infringement upon the employer's rights and prerogatives. The object of compensation is to restore the employee to the position he or she would have been in absent [sic] the discrimination but that principle is difficult to apply with precision where there is after-acquired evidence of wrongdoing that would have led to termination on legitimate grounds had the employer known about it. Once an employer learns about employee wrongdoing that would lead to a legitimate discharge, we cannot require the employer to ignore the information, even if it is acquired during the course of discovery in a suit against the employer and even if the information might have gone undiscovered absent the suit. The beginning point in the trial court's formulation of a remedy should be calculation of backpay from the date of the unlawful discharge to the date the new information was discovered. [9]

The rationale underlying consideration of after-acquired evidence should not be impeded in the exercise of legitimate prerogatives of the employer and the employee should not be placed in a better position than he would have occupied absent the discrimination.[10] Defendant maintains that

---

[8] "Where an employer seeks to rely upon after-acquired evidence of wrongdoing, it must first establish that the wrongdoing was of such severity that the employee in fact would have been terminated on those grounds alone if the employer had known of it at the time of the discharge." Shattuck v. Kinetic Concepts, Inc. 49 F.3d 1106, 1108 (5th Cir. 1995) citing McKennon, supra.

[9] McKennon, 513 U.S. at 361-362 (citations omitted).

[10] Id.

4

it should be entitled to introduce evidence of this dishonesty as after-acquired evidence that limits her damages in addition to showing that the misrepresentations were so severe that defendant would not have hired Johnson had it known of the misrepresentations at the time of hiring. Defendant also seeks to introduce evidence of Johnson's dishonesty to impeach her credibility as a witness relying on Federal Rule of Evidence 607 which provides that any party may attack a witness's credibility and Federal Rule of Evidence 608 which allows impeachment of credibility with testimony and opinions about untruthfulness.[11]

Johnson argues that the after-acquired evidence defense does not apply to failure to hire cases where there are no qualifications for the job, and the after-acquired evidence defense does not apply to failure to hire cases where the person was never employed. We disagree. In Shattuck, the court while analyzing the use of after-acquired evidence in a wrongful termination case, remarked that "the pertinent inquiry, *except in refusal-to-hire cases*, is whether the employee would have been fired upon discovery of the wrongdoing, not whether he would have been hired in the first instance.[12] Thus, our understanding of the McKennon/Shattuck cases is that in a failure to hire, the defendant can prove that it would not have hired the individual had it known of the misrepresentations or falsities made in the resume.

Johnson further seeks a ruling that would require defense counsel to seek leave of court prior to mentioning Johnson's character and also requests that a sidebar be held before defendant is allowed to ask questions or make statements about plaintiff's dishonesty and/or illegal drug use. As

---

[11] See also Federal Rule of Evidence 608(a) which provides that a witness may be cross-examined about specific conduct that bears on the witness's character for truthfulness.

[12] Citing to McKennon.

5

noted by defendant, Johnson has cited no authority to support such a ruling. However, the court cautions defense counsel against asking questions that would be inflammatory and for which defendants have no evidence to substantiate a basis for such questions. Any such questions may result in the court admonishing counsel and instructing the jury in the strongest terms that the question should be disregarded. Therefore, if there is the slightest doubt about the propriety of the question it may be very well advisable for the defendants to request a sidebar or, if plaintiff's counsel anticipates an improper question, she can also request a sidebar which request will almost certainly be granted.

Based on the jurisprudence, the court concludes that defendant is entitled to introduce evidence of Johnson's dishonesty and to impeach and/or attack Johnson's credibility. Accordingly,

**IT IS ORDERED** that plaintiff's motion in limine is hereby **DENIED.**

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 10th day of July, 2014.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE