UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

BATON ROUGE DIVISION

| KIMBERLY M. JOHNSON | : | DOCKET NO. 3:09-0638 |
|---|---|---|
| VS. | : | JUDGE TRIMBLE |
| MAESTRI MURRELL PROPERTY MANAGEMENT | : | MAGISTRATE JUDGE KIRK |

## ORDER

Before the court is a "Motion in Limine" (R. #131) wherein plaintiff, Kimberly Johnson seeks to exclude her transcript from Southern University and an Affidavit of D'Andrea Lee, on behalf of Southern University. Johnson argues that the allegation of "grade changes" is misleading, prejudicial and untrue, and the affidavit is not properly notarized.

Johnson seeks to exclude the transcript because even if the transcript was untrue, because there was no written qualification for the leasing agent/assistant manager position, and no degree was required, the transcript would be irrelevant.[1] Johnson also argues that the questionable transcript would only have a prejudicial effect on her. Johnson also seems to argue that defendant is attempting to introduce the transcript to show a manual manipulation of the transcript by Johnson. The January 12, 2011 copy of the transcript shows a cumulative GPA of 3.0 on the first page of the transcript and the last page correctly reveals a 2.318 cumulative GPA. Johnson reported on her resume sent to

---

[1] Johnson further seeks an "order barring the Defendants from asking questions or making statements about any alleged misconduct not in evidence unless the Defendant first proffers evidence at a sidebar showing a "good faith basis" that the evidence is admissible and that the alleged misconduct occurred." R. #131, ¶ 3, p. 2. The court addressed this request in the order concerning Johnson's first motion in limine.

defendant that her GPA was a 3.2.

Defendant argues that the purpose for the transcript is to show that Johnson made misrepresentations on her resume, not that Johnson manipulated the transcript herself.

Johnson also attempts to exclude the affidavit of D'Andrea Lee, the Interim Registrar for Southern University and A&M College, who is responsible for maintaining various student records, including transcripts because it is allegedly not properly notarized[2] and was obtained without her approval.

In the affidavit, Lee attests that the January 12, 2011 transcript it produced pursuant to a subpoena indicates that Ms. Johnson received a Bachelor of Arts in Mass Communications and graduated with a cumulative grade point average of 3.00. Ms. Lee subsequently reviewed the transcript and "discovered that a manual manipulation of the cumulative grade point average was made to the award screen (page 1)"[3] which was false. Ms. Lee attests that she "corrected the manual manipulation" and attaches to the affidavit a true and correct copy of Ms. Johnson's transcript which contains the accurate cumulative grade point average of 2.318 on both pages 1 and 3.[4]

Johnson submits a letter dated May 14, 2012 from the Southern Association of Colleges and

---

[2] La. R. S. 35:12 provides as follows:

A.(1) Notaries shall insert in their acts the Christian names and surnames of the parties in full and not their initial letters alone or the full names of the parties and not their initial letters alone, together with the permanent mailing addresses of the parties, and shall print or type the full names of the witnesses and of themselves under their respective signatures.

(2) . . . The notary shall type, print, or stamp his or her name as it appears on his or her commission.

[3] R. #41-8. Exhibit H, Lee Affidavit.

[4] See R. #41-8 for copies of both transcripts and the Lee Affidavit.

Schools Commission on Colleges ("SACSCOC") in response to a complaint from Johnson regarding Southern University and A&M College at Baton Rouge. That letter provided the following:

> As for Comprehensive Standard 3.9.2, the institution has explained that there was no "manual manipulation" of your transcript. The error was in the placement of one semester's average into the GPA field. No grades were changed. The correct GPA appeared correctly in one field and incorrectly in another. Once the error was spotted, it was electronically recalculated and all the fields were correctly populated. The institution received a subpoena from the 19th Judicial Court for the transcript. A subpoena for information is not an option, rather, individuals/organizations receiving subpoenas are compelled by the Court to respond. At the time, the institution's policy did not require notification of the student either regarding a subpoena or regarding a correction to a transcript that did not involve a grade change. The institution will re-evaluate this policy and make any necessary changes.
>
> Regarding the Principle of Integrity 1.1, the situation you described represents human error in recording the GPA. It is not an example of fraud, as there were no grades changed.

As to the transcript, the court finds that it is relevant to the instant matter as it clearly shows that Johnson made misrepresentations on her resume. However, as noted by plaintiff, she will be able to explain at trial, if questioned, her confusion as to what her GPA was when she prepared her resume for the job position. Furthermore, plaintiff has failed to show the court what the prejudicial effect would be by allowing the transcript to be introduced into the record.

As to the Lee Affidavit, Johnson correctly identifies improprieties in the drafting of the affidavit– specifically, it only contains the signature of the Notary, with no printed name, bar number/identification number. However, the statute also expresses the following:

> D. (1) Any document notarized in this state on or after January 1, 2005, submitted for filing or recording in the office of notarial records, register of conveyances, or recorder of mortgages in and for the parish of Orleans, or in the office of any clerk of court or recorder of mortgages or conveyances may be refused by the clerk or his employee if the document fails to contain the notary identification or the attorney bar roll number and the typed, printed, or stamped name of the notary and the witnesses. However, documents filed in the civil or criminal suit records of any court shall not

be subject to the provisions of this Subsection.

However, the court finds that an affidavit is not admissible as evidence at the trial of this matter, and Ms. Lee will be required to testify as to her knowledge about Johnson's college transcripts. For the reasons set forth above,

**IT IS ORDERED** that the motion in limine is hereby **GRANTED** in part and **DENIED** in part. The motion is granted to the extent that the Affidavit of of D'Andrea Lee will be excluded; otherwise the motion is hereby **DENIED**.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 10th day of July, 2014.

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE