UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

KIMBERLY M. JOHNSON

VERSUS

MAESTRI MURRELL PROPERTY
MANAGEMENT, ET AL

CIVIL ACTION

NUMBER 09-638-JJB-SCR

**RULING ON MOTION TO STRIKE OR ALTERNATIVELY MOTION IN LIMINE**

Before the court is the Motion to Strike or Alternatively, Motion in Limine to Preclude Plaintiff From Calling Counsel as a Witness at Trial filed by defendant Maestri-Murrell Property Management, LLC. Record document number 37. Plaintiff filed an opposition.[1]

At the core of this motion is the plaintiff's identification of one of the defendant's counsel, Susan Furr, as a person who may be called to testify at the trial.[2] Defendant asserted that the plaintiff failed to identify what Furr would supposedly testify about, but nevertheless argued that her testimony would be protected by the attorney-client privilege or would be protected as work product. Based on deposition questions, the defendant anticipated that Furr would be questioned about the facts in the defendant's position statement given to the Equal Employment

---

[1] Record document number 43. Defendant filed a reply memorandum. Record document number 54.

[2] Record document number 37-1, Exhibit 1.

Opportunity Commission ("EEOC").[3] Defendant argued that information about such facts should be obtained directly from the source of the facts, namely defendant's corporate representative Linda Jackson, rather than the defendant's counsel.

In her opposition memorandum the plaintiff essentially argued that because Jackson did not recall some specific information when she was deposed as the defendant's Rule 30(b)(6), Fed.R.Civ.P., representative the plaintiff is entitled to seek additional or more specific information from Furr.

In its reply memorandum, the defendant noted that the plaintiff did not dispute that the information sought from Furr would be protected by the attorney-client privilege or is protected work product. Defendant also noted that the plaintiff's reason for deposing Furr relates to perceived inaccuracies in letter. While the defendant acknowledged that the plaintiff may be able to use inaccurate information from the letter and Jackson's inability to provide some specific information at her deposition, to help prove her case at the trial, the defendant argued that this does not establish that Furr's trial testimony is necessary.

After reviewing the parties' memoranda and evidentiary submissions, and for essentially the reasons argued by the defendant, the court finds that there is no basis to permit the plaintiff to call Furr as a witness at the trial. According to

---

[3] Record document number 43-4, Exhibit 4.

Jackson's deposition testimony, the information in Furr's July 23, 2008 letter to the EEOC came from her (Jackson) or the defendant.[4] The letter itself states that defendant "Maestri-Murrell is providing this information" to the EEOC.[5] It in not surprising that Jackson did not recall the detailed information from the letter or some related facts when she was deposed two and one-half years later. But that does not mean the plaintiff can question the defendant's attorney at the trial to fill in any perceived gaps. As the defendant correctly explained it its supporting memorandum, a party seeking testimony from the opposing party's attorney must show that the information sought is relevant, not privileged or protected, crucial to preparation of the case, and there is no other means to obtain the information.[6] Plaintiff did not make the necessary showing.

Importantly, questions to Furr about the subjects described in the plaintiff's opposition memorandum beyond what was actually stated in the July 23 letter would likely seek information that is privileged or protected. At least the plaintiff has not shown how she could expand the questions to Furr beyond the letter itself without infringing on the attorney-client privilege or work product

---

[4] Record document number 44, Exhibit 5, deposition p. 159.

[5] Record document number 43-4, p. 2.

[6] Record document number 37-3, supporting memorandum, pp. 1-2, citing cases.

protection. There is no need for Furr to testify just to ask her whether the factual information in the letter came from the defendant or its representative - Jackson testified that it did. Insofar as the plaintiff contends that some of the information in the letter is factually incorrect, she can question Jackson or other defendant representatives about perceived inaccuracies at the trial. Plaintiff did not identify any non-privileged or unprotected information Furr could provide which is critical to presenting her case at the trial.

Accordingly, the Motion to Strike or Alternatively, Motion in Limine to Preclude Plaintiff From Calling Counsel as a Witness at Trial filed by defendant Maestri-Murrell Property Management, LLC is granted. Plaintiff cannot call Susan Furr as a witness at the trial.

Baton Rouge, Louisiana, March 5, 2015.

*Stephen C. Riedlinger*
STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE