UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


KIMBERLY M. JOHNSON

VERSUS

MAESTRI MURRELL PROPERTY
MANAGEMENT, ET AL

CIVIL ACTION

NUMBER 09-638-JJB-SCR

### RULING ON MOTION TO COMPEL DISCOVERY FOR TRIAL

Before the court is the plaintiff's Motion to Compeal (sic) Discovery for Trial Purposes. Record document number 145. Defendant Maestri-Murrell Property Management, LLC filed an opposition.[1]

Plaintiff filed this motion to compel the defendant to (1) produce information related to a subpoena sent to Southern University, which then produced to the defendant a transcript showing her course work at the university, (2) produce documents showing the defendant's gross revenues for the past ten years, and (3) update its previous discovery responses.[2] The interrogatory and request for production of documents was served on July 3, 2014. Defendant objected to discovery requests on the ground that they were untimely.[3]

---

[1] Record document number 149. Plaintiff filed a reply memorandum. Record document number 150.

[2] Record document number 145-2, Exhibit B.

[3] Record document number 145-2, Exhibit C.

In her motion the plaintiff did not dispute that the discovery requests were untimely.  The record does not show that the plaintiff either obtained an extension of the discovery completion deadline or leave of court to serve the additional discovery requests.

All of the parties arguments and evidentiary submissions have been considered, even those not specifically addressed in this ruling.  As to the Southern University grades transcript, the plaintiff's motion is also moot.  The motion is procedurally moot because the transcript has already been produced. The motion is substantively moot because the district judge already determined in his July 10, 2014 ruling on the plaintiff's earlier Motion in Limine that the transcript is relevant evidence.[4]  The procedural defects in the manner the defendant obtained the transcript, which the plaintiff now relies on, could have been raised in that motion.[5]

As to the request for financial information, even the cases cited by the plaintiff do not hold that the defendant's gross revenue is relevant evidence on the issue of punitive damages.[6]

---

[4] Record document number 143, Order ruling on the plaintiff's Motion in Limine, record document number 129..

[5] Plaintiff knew that the subpoena was purportedly issued from the "19th Judicial Court."  Record document number 143, Order, p. 3, quoting from the May 14, 2012 letter from the Southern Association of Colleges and Schools Commission on Colleges which the plaintiff submitted in support of her motion.

[6] Defendant also argued that it should not have to produce
(continued...)

As to her request for the defendant to supplement its previous discovery responses, this request was not included in her formal discovery requests. This request is included in the plaintiff's counsel's July 7, 2014 letter to the defendant's counsel. To the extent the letter sought new information and documents not previously sought, the letter is an untimely request for discovery. To the extent the letter sought supplemental discovery responses, it serves as a reminder that all parties have an ongoing obligation to supplement previous discovery responses. Rule 26(e), Fed.R.Civ.P. Failure to do so may result in the party being prohibited from using the additional information in connection with a hearing or at the trial. Rule 37(c), Fed.R.Civ.P. In any event, the defendant asserted in its opposition memorandum that such additional information does not exist.

Accordingly, the plaintiff's Motion to Compeal (sic) Discovery for Trial Purposes is denied.

Baton Rouge, Louisiana, March 5, 2015.

STEPHEN C. RIEDLINGER
UNITED STATES MAGISTRATE JUDGE

---

[6] (...continued)
gross revenue information until and unless it becomes relevant, i.e., the plaintiff is awarded punitive damages. Record document number 149, p. 4. In the event the jury returns a verdict for the plaintiff and finds that she proved her entitlement to a award of punitive damages, the court may allow the plaintiff to present additional evidence relevant to the amount of punitive damages. This should be addressed in the pretrial order and at the pretrial conference.